BLANK ROME, LLP
Attorneys for Plaintiff
KIN KI INTERNATIONAL INDUSTRIAL LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIN KI INTERNATIONAL INDUSTRIAL LIMITED,<br><br>Plaintiff,<br><br>-against-<br><br>ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO., LTD., ZHEJIANG SUPOR INDUSTRIAL DEVELOPMENT CO., LTD., SUPOR GROUP, SUPOR GROUP, LTD., SUPOR GROUP CORP., SUPOR GROUP COMPANY LTD., ZHEJIANG SUPOR CO. LTD., ZHEJIANG SUPOR GROUP CO. LTD., CHINA SUPOR GROUP, SHUN DA INTERNATIONAL TRADING PTE LTD., AND P.T. DARMA BUMI KENDARI,<br><br>Defendants. | 08 Civ. 0014 (JFK)<br><br>**AMENDED VERIFIED COMPLAINT** |

Plaintiff, KIN KI INTERNATIONAL INDUSTRIAL LIMITED, ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD., ZHEJIANG SUPOR INDUSTRIAL DEVELOPMENT CO., LTD., SUPOR GROUP, SUPOR GROUP, LTD., SUPOR GROUP CORP., SUPOR GROUP COMPANY LTD., ZHEJIANG SUPOR CO. LTD., CHINA SUPOR GROUP, SHUN DA INTERNATIONAL TRADING PTE LTD. ("SHUN DA"), and P.T.

128906.00601/6641016v.1

DARMA BUMI KENDARI ("P.T. DARMA"), (sometimes, collectively "Defendants"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation with an office in the People's Republic of China.

3. At all material times, Defendants were and are foreign corporations with no offices or places of business in this Judicial District.

### AS A FIRST CLAIM, AGAINST ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD.

4. On or about October 16, 2007, Plaintiff, chartered the M/V MEDI NAGASAKI to ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD. for the carriage of a cargo of nickel ore in bulk from Indonesia to China ("the Charter.")

5. Plaintiff performed its obligations under the Charter, but ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD. has failed and refused to pay a balance of freight and demurrage due in the sum of US$2,131,271.85, for which Plaintiff is entitled to judgment against Defendants, together with interest and costs.

### AS A SECOND CLAIM, AGAINST ZHEJIANG SUPOR INDUSTRIAL DEVELOPMENT CO., LTD., SUPOR GROUP, SUPOR GROUP, LTD., SUPOR GROUP CORP., SUPOR GROUP COMPANY LTD., ZHEJIANG SUPOR CO. LTD., ANDCHINA SUPOR GROUP,

6. Defendants ZHEJIANG SUPOR INDUSTRIAL DEVELOPMENT CO., LTD., SUPOR GROUP, SUPOR GROUP, LTD., SUPOR GROUP CORP., SUPOR GROUP COMPANY LTD., ZHEJIANG SUPOR CO. LTD., CHINA SUPOR GROUP, together with

Defendant ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD., are members of a commonly owned and managed family of entities that hold themselves out as the "Supor Group."

7. Various of the members of the Supor Group share the same offices at "Supor Group Plaza," and share telephone and telefax numbers, officers, directors, and employees with other members of the Supor Group.

8. Various members of the Supor Group use their names interchangeably and some are "a/k/a" names of others.

9. Various members of the Supor Group have paid monies owed to third parties by other members of the Supor Group.

10. Defendant ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD., a/k/a ZHEJIANG SUPOR INDUSTRIAL DEVELOPMENT CO., LTD., represented to Plaintiff that in order to pay the amounts owing to Plaintiff, it would have to obtain the funds from Defendant SUPOR GROUP and/or its subsidiary companies, including ZHEJIANG SUPOR CO. LTD.

11. The aforesaid common ownership, management, officers, directors, employees and addresses, and payment of debts of some with funds of others, are all done in disregard of each of said Defendant's separate corporate integrity. The members of the Supor Group conduct business as a single business entity, controlled by Defendant SUPOR GROUP and its owners, in which each entity is the alter ego and/or agent of the others.

12. By reason of the premises, each of said Defendants is liable for the debts of the others, including the debts of ZHEJIANG SUPOR INDUSTRIAL DEVELOPING CO., LTD. to Plaintiff under the Charter.

## AS THIRD CLAIM, AGAINST
## P.T. DARMA AND SHUN DA

13. On or about November 27, 2007, the Vessel loaded 52,116.817 m.t. of nickel ore in bulk and issued a bill of lading that names P.T. DARMA as shipper, which was made to the order of ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO. LTD.

14. The aforesaid bill of lading was transferred to SHUN DA, as consignee.

15. Pursuant to the governing law, P.T. DARMA and SHUN DA are jointly and severally liable with ZHEJIANG for the aforesaid freight and demurrage under the bill of lading contract.

16. The Charter provides for the arbitration of disputes in London, and Plaintiff reserves its right to arbitrate its claims, pursuant to 9 U.S.C. § 8.

17. Arbitrators in London routinely award interest, arbitrators' fees, and legal fees and costs to the successful party.

18. Plaintiff estimates it will recover interest of at least US$571,697 at a rate of 8% compounded quarterly for a period of three years, arbitrators' fees of US$100,000 and legal costs of US$150,000.

19. The total amount for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment herein is **US$2,952,968.85**.

20. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the District which are due and owing or otherwise the property of to the Defendant up to the amount of <u>US$2,952,968.85</u> to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the English judgments and/or arbitration awards.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
May 30, 2008

                                      Respectfully submitted,
                                      BLANK ROME, LLP
                                      Attorneys for Plaintiff
                                      KIN KI INTERNATIONAL INDUSTRIAL LTD.

                                      By _____
                                         Jack A. Greenbaum (JG 0039)
                                      405 Lexington Ave.
                                      New York, NY 10174-0208
                                      (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                                                 : ss.:
COUNTY OF NEW YORK   )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                                   Jack A. Greenbaum

Sworn to before me this
30th day of May 2008
_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
KIN KI INTERNATIONAL INDUSTRIAL LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIN KI INTERNATIONAL INDUSTRIAL LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO., LTD., ZHEJIANG SUPOR INDUSTRIAL DEVELOPMENT CO., LTD., SUPOR GROUP, SUPOR GROUP, LTD., SUPOR GROUP CORP., SUPOR GROUP COMPANY LTD., ZHEJIANG SUPOR CO. LTD., ZHEJIANG SUPOR GROUP CO. LTD., CHINA SUPOR GROUP, SHUN DA INTERNATIONAL TRADING PTE LTD., AND P.T. DARMA BUMI KENDARI,<br><br>Defendants. | 08 Civ. 0014 (JFK)<br><br>**AMENDED AFFIDAVIT UNDER**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK      )
                                             ) ss:
COUNTY OF NEW YORK  )

      JACK A. GREENBAUM, being duly sworn, deposes and says:

      1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of

128906.00601/6641726v.1

maritime attachment and garnishment of the property of defendants, ZHEJIANG SUPOR ENTERPRISE DEVELOPING CO., LTD., SHUN DA INTERNATIONAL TRADING PTE LTD., AND P.T. DARMA BUMI KENDARI, (sometimes, collectively "Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendants are parties to a maritime contract of charter party and are foreign corporations with no offices or places of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

JACK A. GREENBAUM

Sworn to before me this
30th day of May, 2008

Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009